UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Advanced Video Technologies, LLC,<br><br>                     Plaintiff,<br><br>     v.<br><br>Research In Motion Ltd., et al.,<br><br>                     Defendants. | 1:11-cv-08908-CM (RLE)<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIMS** |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Defendants Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively "RIM") hereby answer the complaint of Plaintiff Advanced Video Technologies, LLC ("AVT") as follows.

**PARTIES**[1]

1.     RIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore RIM denies the allegations in that paragraph.

2.     RIM admits that Research In Motion Ltd. is a corporation organized and existing under the laws of Ontario, Canada with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8. Except as expressly admitted, RIM denies the allegations in Paragraph 2.

3.     RIM admits that Research In Motion Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 122 West John

---

[1] RIM generally follows the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer. By doing so, RIM makes no admission regarding the substance of the heading or any other allegations of the Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, RIM specifically denies such allegations.

Carpenter Parkway, Suite 430, Irving, TX  75038.  Except as expressly admitted, RIM denies the allegations in Paragraph 2.

4. RIM admits that it designs, manufactures, imports into the United States, offers to sell, sells after importation, and markets mobile communications devices.

**JURISDICTION AND VENUE**

5. RIM admits that the Complaint purports to arise under the Patent Laws of the United States, and that this Court has subject matter jurisdiction over claims arising under the Patent Laws of the United States under 28 U.S.C. § 1338(a).  Except as expressly admitted, RIM denies the allegations in Paragraph 5.

6. Paragraph 6 states a legal conclusion with respect to venue, to which no response is required.  Except as expressly admitted, RIM denies the allegations in Paragraph 6.

7. Paragraph 7 states a legal conclusion with respect to personal jurisdiction, to which no response is required.  Except as expressly admitted, RIM denies the allegations in Paragraph 7.

**BACKGROUND**

8. RIM admits that United States Patent No. 5,781,788 ("the '788 Patent") is entitled "Full Duplex Single Chip Video Codec."  RIM admits that a document which purports to be a copy of the '788 Patent is attached as Exhibit A to the Complaint.  RIM admits that Exhibit A purports to state that the '788 Patent was issued on July 14, 1998, based upon an application filed by Beng-Yu Woo, Xiaoming Li, and Vivian Hsiun.  RIM lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 8, and therefore RIM denies the remaining allegations in that paragraph.

9. RIM admits that a document which purports to be a Reexamination Certificate for the '788 Patent is attached as Exhibit B to the Complaint.  RIM admits that Exhibit B purports to

state that it was issued on January 8, 2008.  RIM lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9, and therefore RIM denies the remaining allegations in that paragraph.

10. RIM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore RIM denies the allegations in that paragraph.

## CLAIM FOR RELIEF

### Patent Infringement Of United States Patent No. 5,781,788

11. RIM incorporates by reference its answers to the foregoing allegations as if fully set forth here.

12. RIM admits that it markets and sells mobile communications devices in the United States and in the Southern District of New York.  Except as expressly admitted, RIM denies the allegations in Paragraph 12.

13. RIM denies the allegations in Paragraph 13.

14. RIM admits that it has imported into the United States, sold in the United States, and offered to sell in the United States mobile communications devices.  Except as expressly admitted, RIM denies the allegations in Paragraph 14.

15. RIM denies the allegations in Paragraph 15.

16. RIM admits that, on or about August 12, 2010, RIM received a letter from General Patent Corporation regarding the '788 patent.  RIM lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16, and therefore RIM denies the remaining allegations in that paragraph.

17. RIM admits that Michael J. Crowley sent a letter, on or about August 26, 2010, in response to General Patent Corporation's August 12, 2010 letter.  RIM denies any allegation of

infringement of the '788 Patent. RIM lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17, and therefore RIM denies the remaining allegations in that paragraph.

18. RIM denies the allegations in Paragraph 18.

19. RIM denies the allegations in Paragraph 19.

20. RIM denies the allegations in Paragraph 20.

21. RIM denies the allegations in Paragraph 21.

### REQUESTED RELIEF

RIM denies all allegations that AVT is entitled to any relief whatsoever, either as prayed for in its Complaint or otherwise.

### DEFENSES

RIM asserts the following defenses to AVT's Complaint, without assuming the burden of proof when such burden would otherwise be on Plaintiff, to the allegations in AVT's Complaint. RIM reserves the right to amend its Answer, including asserting additional defenses and counterclaims, as this matter progresses.

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

AVT is not entitled to any relief against RIM because RIM has not directly or indirectly, whether literally or under the doctrine of equivalents, infringed any valid claim of the '788 Patent.

### THIRD DEFENSE
### (Invalidity)

One or more of the claims of the '788 Patent are invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

### FOURTH DEFENSE
### (Government Sales)

AVT's claims against RIM are barred, at least in part, and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### FIFTH DEFENSE
### (No Injunctive Relief)

AVT is not entitled to injunctive relief because any alleged injury to AVT is not immediate or irreparable, and AVT has an adequate remedy at law for any alleged injury.

### SIXTH DEFENSE
### (Limitation on Damages)

Pursuant to 35 U.S.C. §§ 286 and/or 287, AVT may not recover damages for any alleged infringement committed prior to the filing of its complaint.

### SEVENTH DEFENSE
### (Preclusion of Costs)

To the extent that any claim of the '788 Patent is held to be invalid, AVT must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

### EIGHTH DEFENSE
### (Equitable Defenses)

AVT's claims for relief are barred in whole or in part by laches, estoppel, waiver, and/or unclean hands.

### NINTH DEFENSE
### (Prosecution History Estoppel)

By reason of proceedings in the United States Patent and Trademark Office during prosecution of the '788 Patent, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the '788 Patent, AVT is estopped from asserting any construction of the claims of the '788 Patent that would cover any product, method, or service of RIM, and/or is estopped to construe the claims of the '788 Patent in any way to cover any product, method, or service of RIM under the Doctrine of Equivalents.

### TENTH DEFENSE
### (Intervening Rights)

AVT's claims for relief are barred in whole or in part pursuant to 35 U.S.C. §§ 252 and 307.

### ELEVENTH DEFENSE
### (License and/or Exhaustion)

To the extent that AVT's accusations of infringement relate to products or services that were provided by or for any express or implied licensee of the '788 Patent and/or provided to RIM by or through any express or implied licensee of the '788 Patent or under a covenant not to sue, AVT's claims are barred.

## COUNTERCLAIMS

Without prejudice to RIM's right to plead additional counterclaims as the facts of the matter warrant, Plaintiffs-in-counterclaim Research In Motion Limited and Research In Motion Corporation allege Counterclaims against AVT, as follows:

### PARTIES

1. Research In Motion Corporation is organized under the laws of Delaware with its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, TX 75038.

2. Research In Motion Limited is a Canadian corporation with its principal place of business at 259 Phillip Street, Waterloo, Ontario, Canada.

3. According to AVT's Complaint, AVT is a limited liability company organized and existing under the laws of the State of New York with is principle place of business at 75 Montebello Road, Suffern, New York 10901-3740.

4. AVT brought suit against RIM alleging infringement of the '788 patent.

### JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* and under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202.

6. Subject to RIM's affirmative defenses and denials, RIM alleges that to the extent this Court has jurisdiction over AVT's claims against RIM, this Court has subject matter jurisdiction over these counterclaims pursuant to, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. This Court has personal jurisdiction over AVT because AVT subjected itself to the jurisdiction of this Court through its Complaint.

8. To the extent that venue over AVT's claims is found to be proper, venue is proper in this District for these counterclaims pursuant to 28 U.S.C. § 1391(b)-(c).

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '788 Patent)

9. RIM incorporates and realleges Paragraphs 1 through 7 as if fully set forth herein.

10. RIM has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '788 Patent.

11. RIM is entitled to a declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '788 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '788 Patent)

12. RIM incorporates and realleges Paragraphs 1 through 10 as if fully set forth herein.

13. Each of the claims of the '788 Patent are invalid for failing to meet one or more of the requirements for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations..

14. RIM is entitled to a declaratory judgment that the '788 Patent is invalid, void and/or unenforceable against RIM.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '788 Patent)

15. RIM incorporates and realleges Paragraphs 1 through 13 as if fully set forth herein.

16. The '788 Patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

17. Counterclaimants are entitled to a declaratory judgment that the '788 Patent is unenforceable against Counterclaimants.

## PRAYER FOR RELIEF

WHEREFORE, RIM respectfully requests that the Court enter judgment against AVT and grant RIM the following relief:

a. Dismiss the Amended Complaint in its entirety, with prejudice;

b. Declare that RIM has not infringed, and is not infringing, the '788 Patent;

c. Declare that one or more of the claims of the '788 Patent are invalid, void and/or unenforceable against RIM;

d. Declare that this is an exceptional case under 35 U.S.C. § 285 and award to RIM its attorneys fees; and

b. Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

RIM hereby demands a trial by jury on all issues so triable.

Dated: March 5, 2012                                   Respectfully Submitted,

/s/ Jason H. Liss
Jason H. Liss
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
t: (617) 526-6000
f: (617) 526-5000
jason.liss@wilmerhale.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 5, 2012, a true and correct copy of the foregoing Answer and Counterclaims is being electronically filed and served by electronic mail on counsel for Advanced Video Technologies, LLC as follows:

Stephen F. Roth, sroth@ldlkm.com
Orville R. Cockings, ocockings@ldlkm.com
Aaron S. Eckenthal, aeckenthal@ldlkm.com
LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP

                                   /s/ Jason H. Liss
                                   Jason H. Liss
                                   Wilmer Cutler Pickering Hale and Dorr LLP
                                   60 State Street
                                   Boston, MA 02109
                                   t: (617) 526-6000
                                   f: (617) 526-5000
                                   jason.liss@wilmerhale.com

ACTIVEUS 92247599v4