# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

2/10/14

| | | |
|---|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | **ECF CASE** |
| Plaintiff, | : | Civil Action No. 1:11-cv-6604-CM-RLE |
| v. | : | |
| | : | District Judge Colleen McMahon |
| HTC CORPORATION and HTC AMERICA, INC., | : | Magistrate Judge Ronald L. Ellis |
| Defendants. | x | |
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-8908-CM-RLE |
| | : | |
| BLACKBERRY, LTD. and BLACKBERRY CORPORATION, | : | District Judge Colleen McMahon |
| | : | Magistrate Judge Ronald L. Ellis |
| Defendants. | x | |
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:12-cv-918-CM |
| | : | |
| MOTOROLA MOBILITY, LLC, | : | District Judge Colleen McMahon |
| | : | Magistrate Judge Ronald L. Ellis |
| Defendant. | x | |

## [Proposed] JOINT CASE MANAGEMENT PLAN AND SCHEDULING ORDER

THIS CAUSE came before the Court on the Parties [proposed] Joint Case Management Plan and Scheduling Order. The Court considered the Scheduling Order and being otherwise duly advised herein, it is hereby ORDERED that the following shall govern in this case:

I. **JURY TRIAL: This case is to be tried to a jury.**

II. **CASE SCHEDULE:**

|  |  |
|---|---|
| Exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) | No later than 14 days after submittal of this Case Management Plan and Scheduling Order to the Court. |
| Exchange e-discovery materials (outlined below in III.(d) 1.); submit proposed discovery Confidentiality Order | No later than 30 days after submittal of this Case Management Plan and Scheduling Order to the Court. |
| Service of "Disclosure of Asserted Claims and Infringement Contentions" pursuant to Local Patent Rule 6 | No later than 45 days after submittal of this Case Management Plan and Scheduling Order to the Court. The duty to supplement in Fed. R. Civ. P. 26(e) shall apply. |
| Service of "Invalidity Contentions" pursuant to Local Patent Rule 7 | No later than 45 days after service of the Disclosure of Asserted Claims and Infringement Contentions. The duty to supplement in Fed. R. Civ. P. 26(e) shall apply. |
| Deadline to amend pleadings and/or add additional parties | April 30, 2014 |
| Deadline to supplement "Disclosure of Asserted Claims and Infringement Contentions" | June 13, 2014, after which supplementation or other amendments cannot be made without showing of good cause and leave of court. |
| Deadline to supplement "Invalidity Contentions" | July 31, 2014, after which supplementation or other amendments cannot be made without showing of good cause and leave of court. |
| Complete fact discovery | October 31, 2014 |
| Opening expert reports from the party with the burden of proof | December 12, 2014 |
| Rebuttal expert reports | January 30, 2015 |

3455960_1.docx

| | |
|---|---|
| If secondary considerations are raised in AVT's rebuttal report in response to Defendants' invalidity report, a responsive report from Defendants on only the issue of secondary considerations. | February 27, 2015 |
| Complete expert discovery | March 20, 2015 |
| Deadline for filing dispositive motions (including *Daubert* motions) | April 24, 2015 |
| Responses to dispositive motions | May 25, 2015 |
| Replies to dispositive motions | June 26, 2015 |
| Submission of preliminary Pretrial Order | August 14, 2015 |
| Final pretrial conference | August 28, 2015 |
| Trial | To be determined subject to the Court's schedule. |

## III. DISCOVERY MATTERS

(a) **Requests for admission** – A maximum of 100 requests for admission are permitted per party per case. This limitation of 100 requests, however, does not include or apply to the requests for the sole purpose of authenticating documents.

(b) **Interrogatories** – A maximum of 25 interrogatories are permitted per party per case.

(c) **Depositions** –

1. **Limitations on Hours for Deposition** – Each side in each case is limited to a total of seventy (70) hours of taking factual testimony by deposition upon oral examination, including depositions taken pursuant to F.R.C.P. 30(b)(6). Third-party and expert depositions are not included in the seventy (70) hours requested for fact and 30(b)(6) witnesses. Expert depositions are limited to one day of 7 hours per subject (e.g., if an expert is used for both non-infringement and invalidity, that same expert will be subject to 14 hours of deposition to take place on two separate days).

(d) **E-Discovery** – the parties have stipulated to the following rules governing electronic discovery based on certain provisions in this Court's default Rules Governing Electronic Discovery:

1. **E-discovery materials** – The parties shall exchange the following:

    i.    a list of up to three (3) most likely custodians of relevant electronic materials, including a brief description of each person's title and responsibilities;

    ii.    a general description of the relevant electronic system(s) containing discoverable documents;

    iii.    the parties should also include other pertinent information about their electronic documents if applicable, such as whether those electronic documents are of limited accessibility, that is, those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost;

    iv.    a general description of the party's electronic document retention policies;

    v.    the name of the individual who shall serve as the party's "e-discovery liaison";

    vi.    a description of any problems reasonably anticipated to arise in connection with e-discovery.

2. **E-discovery liaison** – The liaison may be an attorney (in-house or outside counsel), a third party consultant, or an employee of the party.

3. **Search methodology** – If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose, within 30 days of making such decision, any restrictions as to the scope and the method that might affect their ability to conduct a complete electronic search of the electronic documents. The parties shall reach agreement as to the method of searching and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches that may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (*e.g.*, time frames, fields, document types).

4. **Format** – Electronic documents shall be produced to the requesting party as single page TIFF images with a load file. Parties may request native format for Excel spreadsheets (in addition to the TIFF images). The parties agree to work together to determine the appropriateness of producing additional native files upon request. Metadata of any kind need not be produced, but must be preserved to the extent an electronic document, as kept in the ordinary course, includes such metadata.

5. **Timing of e-discovery** – Other than those documents identified as limited accessibility, electronic documents shall be produced in accordance with Fed. R. Civ. P. 34. However, absent Court order, discovery on documents originally from a party shall not be withheld or delayed on the basis of confidentiality. Confidential documents originally from a party shall be produced to the adverse

party for outside counsel's eyes only, with the designation of "Attorneys' Eyes Only," solely for purposes of the pending case and shall not be disclosed to the client or any other person until the parties mutually agree and the Court enters a protective order. Confidential documents originally from third-parties do not need to be produced until the Court enters the protective order, and such third party documents shall be produced in accordance with the provisions in the protective order protecting the confidentiality of the third-party documents.

6. **Privilege** – Any electronically produced document (1) that appears on its face to have been inadvertently produced (that contains privileged information or attorney work product), or (2) for which there is notice of the inadvertent production, shall be returned or destroyed by the receiving party upon its discovery or receipt of notice of inadvertent disclosure by the producing party.

7. **Costs** – The costs of discovery shall be borne by each producing party, unless otherwise mandated by the Court.

(e) **Disputes** – Discovery disputes in this case will be resolved by the assigned Magistrate Judge. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's Chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.

*As a condition of my agreeing to this very day scheduled, there old cases, there will be NO ADJOURNMENTS OR EXTENSIONS FOR ANY REASON*

**SO ORDERED:**

Dated: 2/10/2014

_____
Hon. Colleen McMahon U.S.D.J.

3455960_1.docx

4