# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | **ECF CASE** |
| | : | |
| Plaintiff, | : | Civil Action No. 1:11-cv-6604-CM-RLE |
| v. | : | |
| | : | District Judge Colleen McMahon |
| HTC CORPORATION and HTC AMERICA, INC., | : | Magistrate Judge Ronald L. Ellis |
| | : | |
| Defendants. | x | |
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-8908-CM-RLE |
| | : | |
| BLACKBERRY, LTD. and BLACKBERRY CORPORATION, | : | District Judge Colleen McMahon |
| | : | Magistrate Judge Ronald L. Ellis |
| | : | |
| Defendants. | x | |
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:12-cv-918-CM |
| | : | |
| MOTOROLA MOBILITY, LLC, | : | District Judge Colleen McMahon |
| | : | Magistrate Judge Ronald L. Ellis |
| Defendant. | x | |

## DISCOVERY CONFIDENTIALITY ORDER

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**1.     PURPOSES AND LIMITATIONS**

A.     Protected Material designated under the terms of this Protective Order shall be

used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

B.       To the extent that any Defendant in this litigation provides Protected Material under the terms of this Protective Order to Plaintiff, Plaintiff shall not share that material with any other Defendant in this litigation or any other litigation initiated by Plaintiff, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant. Plaintiff has initiated separate actions against each Defendant and the actions have been coordinated only for pre-trial purposes.

C.       The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that the designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.    DEFINITIONS

A.       "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery.

B.       "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

C.       "Party" means any party to this case, including all of its officers, directors, employees, consultants, , and outside counsel and their support staffs.

D.       "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

E.       "Protected Material" and "Protected Information" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY" and "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE," as provided for in this Order. Protected Material and Protected Information shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that have been disseminated to the public.

F.       "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

G.       "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design or operation of any ASIC or other chip.

## 3.    COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Fed. R. Civ. P. 6.

## 4.      SCOPE

A.      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

B.      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

C.      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

D.      No production or disclosure of Protected Material under this Protective Order shall constitute a waiver or otherwise prejudice the right of the Producing Party to maintain the trade secret or proprietary status of the Protected Material in other contexts.

E.      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5.      DURATION

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs or the material becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information.

## 6.      INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE, as set forth in Items C through E below.  All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

### A.      Written Discovery and Documents and Tangible Things

Written discovery, documents (which include "electronically stored information," as that phrase is used in Fed. R. Civ. P. 34), and tangible things that meet the requirements for the confidentiality designations listed in paragraph 6 may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and/or mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the

original documents shall be presumed "CONFIDENTIAL OUTSIDE COUNSEL ONLY" during the inspection and re-designated, as appropriate during the copying process. Source code made available for inspection is designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY and CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE.  All Discovery Materials not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth above, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

**B.    Native Files**

Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 8, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use at trial a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered and assert any objections to its use. A Party reserves the right to object to a native file used in this litigation that has been converted to a .tiff, .pdf or other image format should it later be determined that information on the image has been altered.

**C.    Information Designated as Confidential Information**

1.    For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all documents, testimony, transcripts, information or other material formally or informally produced or disclosed in connection with this action to a Receiving Party (including in expert reports, during depositions and at hearings), voluntarily or pursuant to a subpoena or a court order in connection with this action, that the Producing Party considers to comprise confidential, proprietary, or commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party. Any CONFIDENTIAL INFORMATION obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.    Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.

3.    The following information is not CONFIDENTIAL INFORMATION:

a.    Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b.    Any information that was already publicly known prior to the

4

disclosure; and

c.      Any party's infringement contentions or invalidity contentions  or portions thereof to the extent that the contentions are based on or reference publicly available information; however, upon receipt of the contentions, to the extent the Receiving Party believes that the contentions are improperly designated as public and should be designated as CONFIDENTIAL INFORMATION, the Receiving Party shall promptly notify the Producing Party and the Producing Party shall promptly certify that all copies of the contentions have been destroyed and shall re-serve with the proper designation.  Notwithstanding this provision, the confidentiality designations (if any) of the underlying materials upon which the infringement contentions or invalidity contentions are based shall not be affected by the designations of such contentions and shall remain protected under the underlying materials' confidentiality designations (if any).  Likewise, any portions of the underlying materials cited or otherwise included in the infringement contentions or invalidity contentions shall be considered to have been designated under the underlying materials' confidentiality designations (if any) and shall remain protected as so, regardless of the designations of such contentions.

4.      CONFIDENTIAL INFORMATION shall be available only to:

a.      Outside litigation counsel of record for the Receiving Party and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters working at the direction of such counsel;

b.      Experts and their necessary support personnel, subject to the provisions of paragraphs 8 herein, each of whom have signed the form attached hereto as Attachment A; the term "expert" shall mean an independent outside expert witness or consultant with whom counsel may deem it necessary to consult, who complies with paragraph 8 and is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party. Such experts may access the materials in the United States only unless permitted otherwise in writing by the producing party, and cannot transport them to or access them from any foreign jurisdiction.  All objections to such experts must be resolved after proper notice has been given to all parties as set forth in paragraph 8 prior to disclosure. Without the express prior written consent of the Defendant that produced the Protected Material, no expert retained by a Defendant in this matter shall have access to "CONFIDENTIAL OUTSIDE COUNSEL ONLY" Discovery Material produced by another Defendant in this matter;

c.      Up to two in-house counsel, with responsibility for managing this litigation and one employee of a Party who either has responsibility for making decisions dealing directly with this litigation or who is assisting Outside Counsel in preparation for proceedings in this action, provided the in-house counsel or employee has signed the form attached hereto as Attachment A, a signed copy has been provided to the Producing Party, and there are no unresolved objections to such disclosure after proper notice has been given to all parties as set forth in paragraph 8 below;

d.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court), and the jury;

e.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required

by this Protective Order;

             f.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; copying, clerical, or discovery support vendors working at the direction of a Receiving Party's Outside Counsel; non–technical jury or trial consulting services; and mock jurors subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

             g.      Any other person with the prior written consent of the Producing Party; and

             h.      Any person who appears to have been an author or recipient of the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence.

### D.    Information Designated Confidential Outside Counsel Only

             1.      The "CONFIDENTIAL OUTSIDE COUNSEL ONLY" designation is reserved for CONFIDENTIAL INFORMATION that is extremely confidential and/or sensitive in nature and that the Producing Party reasonably believes the disclosure of which to anyone other than the persons or entities listed in paragraphs 6.C.4.a, b, d, e, f, g, and h is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The parties agree that the following information, if non-public, shall be presumed to be "CONFIDENTIAL OUTSIDE COUNSEL ONLY" if so designated: (a) trade secrets, marketing, financial, sales, web traffic, research and development, technical, or customer data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) employee information and, (e) commercial agreements and licenses, settlement agreements or settlement communications.. Notwithstanding the above, and for the avoidance of doubt, if counsel for the Receiving Party determines that is in the best interests of its client to review produced documents relating to damages, but the client is prevented from doing so by the Producing Party's confidentiality designation, then counsel may seek permission from the Producing Party to show the documents to the client. The parties shall meet and confer within five (5) business days of such a request, and use their best efforts to resolve promptly and informally such requests. If an agreement cannot be reached within five (5) business days of the conference, the Receiving Party may request that the Court cancel or modify the designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating Party. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order. Documents marked ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each Party agrees to use such designation only in good faith.

             2.      Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs 6.C.4.a, b, d, e, f, g, and h, subject to any terms set forth therein and to the extent that such person is not involved in competitive decision-making on behalf of a

Receiving Party or a competitor of a Producing Party as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) (the phrase "competitive decision-making" involves "counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor"). Under no circumstance shall documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY be disclosed to any person or entity listed in paragraph 6.C.4.c. Nothing in this paragraph shall preclude the disclosure of CONFIDENTIAL OUTSIDE COUNSEL ONLY by prior written agreement of the Producing Party.

**E.       Information Designated Restricted Confidential - Source Code**

1.       The CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE designation is reserved for CONFIDENTIAL INFORMATION that contains or describes a Party's Source Code. The following conditions shall govern the production, review and use of Source Code or design documentation information, to the extent production of Source Code becomes necessary to the prosecution or defense of the case.

2.       Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce Source Code.

3.       All such Source Code, and any other Protected Information designated as "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" (or marked "ATTORNEYS' EYES ONLY - SOURCE CODE," "CONFIDENTIAL - SOURCE CODE," or "RESTRICTED CONFIDENTIAL - SOURCE CODE") shall be subject to the following provisions:

a.       Source Code, to the extent any Producing Party provides any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in searchable electronic format at one of the following locations chosen at the sole discretion of the Producing Party: (1) the offices of the Producing Party's Outside Counsel, as selected by the Producing Party; (2) the offices of the Producing Party; or (3) a single, third-party site (e.g., an escrow company). Any location under (1), (2) or (3) above shall be in the continental United States. Source Code will be loaded on a single non-networked, password-protected computer, without Internet access, on which all access ports may be disabled, maintained in a secure, locked area as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party agrees to make available one additional Source Code Computer if the Receiving Party can show good cause and the Producing Party is unable to show any prejudice by providing the one additional Source Code Computer. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, DVDs, floppy disk, portable hard drive, laptop, or any drives of any kind), recordable media, or recording device (e.g., sound recorder, cellular telephone, tablet computer, etc.) is prohibited while accessing the computer containing the Source Code. In addition to the Source Code Computer, the Producing Party shall make available a Notetaking Computer for purposes of enabling the Receiving Party's outside counsel and/or experts to take notes relating to the Source Code. The Receiving Party's outside counsel and/or experts may not copy the Source Code into the notes. The Producing Party shall make available a printer for on-site printing of notes taken on the Notetaking Computer. All persons entering the room containing Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items

7

before they are given access to the locked room.  After the Producing Party has notified the Receiving Party that Source Code is available for review, but not prior to such notification, the computer containing Source Code will be made available for inspection during regular business hours (excluding holidays). Prior to the first inspection of any requested Source Code, the Receiving Party shall provide forty-eight (48) hours' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide forty-eight (48) hours' notice prior to any inspection period, with a reasonable estimate of the number of consecutive days needed for such inspection period.  The Parties shall work together in good faith to accommodate each other's logistics needs in arranging the inspection period or periods.

        b.     The Receiving Party's Outside Counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party may provide the Producing Party with the CD or DVD or weblink for download, and ensure that (i) there is no cost associated with the software tool to the Producing Party; (ii) such software is commercially available and properly licensed by the Receiving Party; and (iii) the installation does not raise policy or technical issues) containing such software tool(s) at least fourteen (14) business days in advance of the inspection, and the Producing Party shall install such software tools as soon as reasonably possible, but no later than fourteen days after receiving such software tools.  In no event shall the Receiving Party use any compilers, interpreters or simulators in connection with the Producing Party's Source Code.  Should the Receiving Party wish that the Producing Party assist in acquiring the license for the software tools and in installing them, the Receiving Party shall reimburse the Producing Party all costs associated with the license acquisition and with the installation.

        c.     The Receiving Party's Outside Counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes and may not take such notes electronically or on any electronic device. Each page of any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE."  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. No electronic or physical copies of such notes may be made.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

        d.     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as otherwise permitted herein and except that the Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary to prepare court filings or pleadings or other papers (including deposition exhibits and a testifying expert's expert report and demonstratives) for use in this action.  In no event may the Receiving Party request the printing of more than 10 consecutive pages of a continuous block of Source Code, or an aggregate total of more than 50 pages, of Source Code during this case without good cause shown.  To the extent applicable, printouts shall be in color.  Upon the printing any such portions of Source Code, the printed pages shall be kept by the Producing Party.  Within seven (7) business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material bearing Bates numbers and the legend "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code

produced by the Producing Party in this action.  At the inspecting Party's request, up to three additional sets (or subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.,* as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare SOURCE CODE DOCUMENTS as discussed in Paragraph m below.

        e.      If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within seven (7) business days.  If five (5) days after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), either Party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code printouts need not be produced to the requesting Party but shall remain available for inspection at the chosen location until the matter is resolved by the Court.

        f.      Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

        g.      Any paper copies designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.  The Source Code shall be stored in a locked room or cabinet at all times when it is not in use.

        h.      A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice forty-eight (48) hours prior to inspection. Such identification shall be in addition to any other disclosure required under this Order.  If any litigation counsel is accompanying the persons who will view the Source Code, the name of such counsel shall be provided sufficiently in advance (e.g., twenty-four (24) hours before arrival) to allow adequate time to alert the personnel at the location where the source code will be made available.  The Producing Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code Review Room, to visually monitor the activities of the Receiving Party's representative during any Source Code review,

and the Receiving Party shall be entitled to a copy of the log on one (1) business day notice. Such person may not, without permission, observe what the Receiving Party's representative writes, types or says during the Source Code review.  No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the Source Code, including printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

           i.     Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session and the Receiving Party has no expectation of privacy in any materials left without a prior agreement to that effect.

           j.     The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment except as otherwise provided herein.  The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

           k.     Only the following individuals shall have access to "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

           (1)     Outside litigation counsel of record for the Receiving Party, and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters working at the direction of such counsel to the extent that such person is not involved in competitive decision-making on behalf of a Party or a competitor of a Party, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984);

           (2)     Up to three (3) outside experts and their necessary support personnel, subject to the provisions of paragraphs 8 herein, each of whom has signed the form attached hereto as Attachment A and specifically identified as eligible to access Source Code. Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – OUTSIDE COUNSEL ONLY - SOURCE CODE" Discovery Material produced by another Defendant in this matter

           (3)     The Court, its technical advisor (if one is appointed), its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court), and the jury. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers;

           (4)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

           (5)     While testifying at deposition or trial in this action only: (i) any current officer, director or employee of the Producing Party; and/or (ii) any person

designated by the Producing Party to provide testimony pursuant to Fed. R. Civ. P. 30(b)(6). Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying; and

(6)      Any other person with the prior written consent of the Producing Party.

l.      The Receiving Party's Outside Counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph g above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored and shall be provided to the Producing Party on one (1) business day notice.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code;

m.      A Receiving Party may include only excerpts of Source Code in a pleading, exhibit, expert report, discovery document, other Court document, or any drafts of these documents ("Source Code Documents"); each excerpt of Source Code quoted in a Source Code Document shall be insubstantial when compared to the entire Source Code produced by the Producing Party – as an example, excerpts should be limited to lines in length as opposed to pages. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Receiving Party includes any portion of Source Code in a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of the Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - OUTSIDE COUNSEL ONLY - SOURCE CODE" as provided for in this Order.

n.      For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least three (3) business days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's Outside Counsel for secure destruction in a timely manner following the deposition.

o.      Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

p.      Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and copies of Source Code shall be removed by Outside Counsel for the Producing Party for destruction.

q.      The Receiving Party's Outside Counsel may only disclose a copy of the Source Code to individuals specified in Paragraph k above (e.g., Source Code may not be disclosed to in-house counsel).

## 7.      PROSECUTION BAR

Absent the written consent of the Producing Party, any person on behalf of Plaintiff who receives one or more items designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY" that is within the field of video compression and decompression or "CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: in the prosecution of patents or patent applications that are within the field of video compression and decompression, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes drafting, amending, advising, consulting on, preparing, editing, or otherwise affecting the scope or maintenance of patent claims and applies to any person on behalf of Plaintiff who receives one or more items designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY" that is within the field of video compression and decompression or "CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE." These prohibitions are not intended to preclude Outside Counsel for Plaintiff from entering into a contingency fee arrangement that has rights in patents relating to the field of video compression and decompression. These prohibitions are not intended to and shall not preclude counsel from participating in reexamination, inter partes review, covered business method review, post-grant review proceedings on behalf of a Party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination, inter partes review, covered business method review, post-grant review or reissue proceedings on behalf of a patentee. These prohibitions shall begin when access to "CONFIDENTIAL OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" materials are first received by the affected individual, and shall end three (3) years after the final resolution of this action, including all appeals. These prohibitions apply only to the attorneys that receive such materials, and shall not apply to staff, paralegals, or be imputed to the firms.

## 8.      DISCLOSURE OF EXPERTS

A.      With the specific exceptions set out above, information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's experts and their necessary support personnel. Any technical advisor (e.g., including any expert and necessary support personnel) retained on behalf of a Receiving Party who is to be given access to a Producing Party's produced Source Code (whether in electronic form or otherwise) must agree not to perform software development work intended for commercial purposes within the field of video compression and decompression for a period of one year after the issuance of a final, nonappealable decision resolving all issues in the case. This shall not preclude such experts or consultants from consulting in future litigation, so long as such consulting does not involve software development work intended for commercial purposes within the field of video compression and decompression. This shall not preclude such expert (and necessary support personnel) from consulting in future litigations.

B.      No disclosure of Protected Information to an expert or their necessary support

personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph 8.D., that objection is resolved according to the procedures set forth below and such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction.

C.      A Party desiring to disclose Protected Information for the first time to a specific expert shall also give prior written notice of the intent to disclose Protected Information to the expert by email to the Producing Party's counsel of record in the litigation and the Producing Party shall have ten (10) business days after such notice is given to object in writing to the disclosure. The Party desiring to disclose Protected Information to an expert must provide the following information for each expert: name, address, curriculum vitae, current employer and title, complete employment history for the past ten years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, list of all companies for which the expert has provided consulting services within the preceding five years and provided that the identification of such companies is not confidential, and an identification of any patents or patent applications in which the expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

D.      Within seven (7) business days of receipt of the disclosure of the expert, the Producing Party or Parties may object in writing to the expert for good cause.  In the absence of an objection at the end of the seven (7) business day period, the expert shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the expert prior to the expiration of this seven (7) business day period. A Party objecting to disclosure of Protected Information to an expert shall state with particularity the ground(s) of the objection.  The objecting Party's consent to the disclosure of Protected Information to an expert shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Information to the expert will result in specific business or economic harm to that Party.

E.      If after consideration of the objection, the Party desiring to disclose the Protected Information to an expert refuses to withdraw the expert, that Party shall provide notice within seven (7) days to the objecting Party.  Thereafter, the objecting Party shall move the Court, within seven (7) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the seven business day period, absent an agreement of the parties to the contrary or for an extension of such seven business day period, shall operate as an approval of disclosure of Protected Information to the expert.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

F.      The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the expert.  This "good cause" shall include an objectively reasonable concern that the expert will, advertently or inadvertently, use or disclose Protected Information in a way or ways that are inconsistent with the provisions contained in this Protective Order.

## 9.      CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A.      The Parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Receiving Party may at any time request that the

Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B.    A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  The parties shall meet and confer within five (5) business days of the written objection, and use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached within five (5) business days of the conference, the Receiving Party shall request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating Party.

C.    Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## 10.    LIMITATIONS ON THE USE OF PROTECTED INFORMATION

A.    All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used or disclosed only for purposes of this litigation, shall not be used or disclosed for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge independent of this matter.  Without in any way limiting the generality of the foregoing:

1.    A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that Party and of which the witness has personal knowledge;

2.    A present director, officer, and/or employee of a Producing Party may be examined and may testify pursuant to Federal Rule of Civil Procedure 30(b)(6) concerning all Protected Information which has been produced by that Party;

3.    A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

4.    Non-parties may be examined or testify concerning any document containing Protected Information of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-Party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to

persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the Producing Party, by its attorneys, shall seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

5.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or that contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

6.     Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to Outside Counsel of record, or as otherwise provided for hereunder.  Notwithstanding the foregoing and with regard to material designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE, the provisions of Paragraph 1.C. are controlling to the extent those provisions differ from this paragraph.

7.     Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

8.     At the request of any Party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" or any other designation of Protected Information defined herein, by the reporter. This request may be made orally during the deposition or in writing within thirty (30) days of receipt of the final certified transcript. Deposition transcripts shall be treated by default as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

C.     No Protected Information may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.   The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Discovery Material that is designated as "CONFIDENTIAL" only (and not "CONFIDENTIAL OUTSIDE COUNSEL ONLY" or

15

"CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE") may be taken or viewed outside the territorial limits of the United States only if it is reasonably necessary for disclosure to in-house counsel or an employee of a Party who either has responsibility for making decisions dealing directly with this litigation in this action or who is assisting Outside Counsel in preparation for proceedings in this action.  Further, notwithstanding this prohibition, Blackberry and HTC's Protected Information, exclusive of material designated CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE, and to the extent otherwise permitted by law, may be taken or viewed outside the territorial limits of the United States only if it is anticipated to be reasonably necessary for a deposition taken in a foreign country or reasonably necessary for disclosure to or to advise in-house counsel or an employee of a Party who either has responsibility for making decisions dealing directly with this litigation in this action or who is assisting Outside Counsel in preparation for proceedings in this action.  Protected Information that is allowed to be taken outside the territorial limits of the United States as set forth above, may not be exported outside the United States or released to any foreign national (even if within the United States) to the extent that doing so would violate applicable United States Export Administration Regulations.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed upon procedures conform with applicable export control laws and regulations.

       D.      No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.  To the extent that any one of the Defendants in this litigation provides Protected Information under the terms of this Protective Order to a Receiving Party, that Receiving Party shall not share that material with any other Party to this litigation, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the Protected Information of any other Defendant.

       E.      Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

       F.      Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

## 11.    NON-PARTY USE OF THIS PROTECTIVE ORDER

       A.      A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

       B.      A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any Party in this case.

**14.   INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing within ten (10) calendar days after discovery of such inadvertent production or disclosure.  Such inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. In the case of an inadvertently produced or disclosed document, the Producing Party shall include the Discovery material in a privilege log identifying such inadvertently produced or disclosed document.  The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion. All such inadvertent disclosures shall be further subject to the provisions of Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, which are not modified in any way by this Protective Order.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

**15.   MISCELLANEOUS PROVISIONS**

A.      Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by counsel of record for the Party against whom such waiver will be effective. All notices required by this Protective Order may be served via email.

B.      Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, upon discovery, the Producing Party shall notify the other parties within fourteen (14) days of the error in writing and provide replacement pages bearing the appropriate confidentiality legend within seven (7) days after the notification.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the Party responsible for the disclosure shall immediately notify the Producing Party's counsel of record of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.  A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery

17

Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.  A subsequent designation of "CONFIDENTIAL,"
"CONFIDENTIAL OUTSIDE COUNSEL ONLY" and "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or
"CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE" from engaging in the activities set forth in paragraph 7.

      C.     For the mutual convenience of the parties, a Producing Party may generate certain financial summaries for the purpose of the above-captioned cases.  To the extent a Producing Party provides such financial summaries in a native format (*e.g.,* a Word, Excel, or other native file), or to the extent a Receiving Party puts any such financial summary or the information from any such financial summary into a document in a native format, the Receiving Party shall password protect that document on an encrypted media.  All such financial summaries are to be designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."  To the extent that any such financial summaries are transmitted from or to authorized recipients outside of the Receiving Party's counsel's office, the transmission shall be by hand, or by a secure transport carrier (*e.g.,* Federal Express), and shall be encrypted if in electronic format.

      D     Within sixty (60) days after the Final Disposition of this case, each party shall do each of the following: (1) return or destroy, at the option of the Producing Party, all Discovery Material that is designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY – SOURCE CODE, including any pleadings and correspondence that contain Source Code, to the respective outside counsel of the Producing Party; (2) return or destroy, at the option of the Producing Party, all document productions to the respective outside counsel of the Producing Party; (3) destroy all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information, not embodied in physical objects and documents shall remain subject to this Order. In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, Outside Counsel shall be entitled to maintain two (2) copies of all pleadings, correspondence and trial transcripts, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only.  Notwithstanding this provision, any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on Blackberry's backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a Receiving Party's business operations.  For purposes of this provision, all Parties shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  For purposes of this Order,

"Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.  To the extent a Party produces documents in any of the above-captioned actions, all Parties must comply with the document destruction provision applicable to the Defendant as it relates to the Party's Protected Information.

E.      If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative, or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every Party who has produced such documents and to its counsel and shall provide each such Party with an opportunity to object to the production of such documents.

F.      Pursuant to Fed. R. Civ. P. 26(b)(4), testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a Party and that Party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinion, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case. This paragraph does not limit the protections afforded by Fed. R. Civ. P. 26(b)(4) in any way.

G.      No Party shall be required to identify any document or communication on a privilege log dated on or after the filing of the lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log.

H.      This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

I.      The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Southern District of New York.

J.      Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

K.      This Order shall be binding upon the parties hereto, their attorneys, and their

successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, retained consultants and experts, or other persons or organizations over which they have control.

L.     This Order may be modified by the Court for good cause shown or by mutual written agreement between the parties and this Court's approval of such agreement. The Court may enter a subsequent order addressing the use of Protected Information at the conclusion of the above-captioned case as to any Party.

M.     In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved Producing Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

N.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of this Court, the Judge's practice standards, or any other order that may be entered by the Court

O.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated as Protected Material pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

P.     Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, even if prior to entry of this order by the Court.

**SO ORDERED:**

Dated:_____          _____

                                                                    Colleen McMahon U.S.D.J.

# ATTACHMENT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | **ECF CASE** |
| | : | |
| Plaintiff, | : | Civil Action No. 1:11-cv-6604-CM-RLE |
| v. | : | |
| | : | District Judge Colleen McMahon |
| HTC CORPORATION and HTC AMERICA, INC., | : | Magistrate Judge Ronald L. Ellis |
| | : | |
| Defendants. | x | |
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-8908-CM-RLE |
| | : | |
| BLACKBERRY, LTD. and BLACKBERRY CORPORATION, | : | District Judge Colleen McMahon |
| | : | Magistrate Judge Ronald L. Ellis |
| | : | |
| Defendants. | x | |
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:12-cv-918-CM |
| | : | |
| MOTOROLA MOBILITY, LLC, | : | District Judge Colleen McMahon |
| | : | Magistrate Judge Ronald L. Ellis |
| Defendant. | x | |

## AGREEMENT TO BE BOUND BY
## DISCOVERY CONFIDENTIALITY ORDER

1.      My name is_____.

2.      I reside at _____.

3.      My present employer is _____.

4.      My present occupation or job description is _____.

5.      I have read the Agreed Protective Order dated _____ , 2014, and have been engaged as
_____on behalf of _____
in the preparation and conduct of litigation styled [CASE CAPTION].

21

6.      I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY - SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8.      In accordance with paragraph 3C of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____

Executed on _____ , 20____.