# EXHIBIT 5



# UNITED STATES PATENT AND TRADEMARK OFFICE

JUNE 27, 2003

PTAS

ADVANCED VIDEO TECHNOLOGIES LLC
NEIL G. COHEN
MONTEBELLO PARK
75 MONTEBELLO ROAD
SUFFERN, NY 10901

Under Secretary of Commerce For Intellectual Property and
Director of the United States Patent and Trademark Office
Washington, DC 20231
www.uspto.gov



*102473294A*

## UNITED STATES PATENT AND TRADEMARK OFFICE
## NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE, ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY, SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 06/02/2003   REEL/FRAME: 013758/0214
                               NUMBER OF PAGES: 4

BRIEF: ASSIGNMENT OF ASSIGNOR'S INTEREST (SEE DOCUMENT FOR DETAILS).

ASSIGNOR:
    AVC TECHNOLOGY INC.                DOC DATE: 07/17/2000

ASSIGNEE:
    EPOGY COMMUNICATIONS INC.
    1271 OAKMEAD PARKWAY
    SUNNYVALE, CALIFORNIA 94085

SERIAL NUMBER: 08939997               FILING DATE: 09/29/1997
PATENT NUMBER: 5781788                ISSUE DATE: 07/14/1998


THERESA FREDERICK, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

MRD 6/2/03

102473294

Form PTO-1595
(Rev. 10/02)
OMB No. 0651-0027 (exp. 6/30/2005)

**PATENTS ONLY**

U.S. DEPARTMENT OF COMMERCE
U.S. Patent and Trademark Office

Tab settings

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

1. Name of conveying party(ies):

AVC Technology Inc.

Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No

2. Name and address of receiving party(ies)

Name: ~~Epagy Communications Inc.~~

Internet Address: _____

Street Address: _____

1271 Oakmead Parkway

City: Sunnyvale State: CA Zip: 94085

3. Nature of conveyance:

☒ Assignment  ☐ Merger
☐ Security Agreement  ☐ Change of Name
☒ Other _____

Execution Date: 07/17/2000

Additional name(s) & address(es) attached? ☐ Yes ☒ No

4. Application number(s) or patent number(s):

If this document is being filed together with a new application, the execution date of the application is: _____

A. Patent Application No.(s)

B. Patent No.(s)
5,781,788

Additional numbers attached? ☐ Yes ☒ No

5. Name and address of party to whom correspondence concerning document should be mailed:

Name: Neil G. Cohen
Advanced Video Technologies LLC

Internet Address: _____

Street Address: Montebello Park
75 Montebello Road

City: Suffern State: NY Zip: 10901

6. Total number of applications and patents involved: ☐

7. Total fee (37 CFR 3.41).............. $40.00

☒ Enclosed
☐ Authorized to be charged to deposit account

8. Deposit account number: _____

(Attach duplicate copy of this page if paying by deposit account)

40 E

**DO NOT USE THIS SPACE**

9. Statement and signature.

To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

Neil G. Cohen
Name of Person Signing

*[signature]*
Signature

May 8, 2003
Date

Total number of pages including cover sheet, attachments, and documents: 5

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents & Trademarks, Box Assignments
Washington, D.C. 20231

AVT0024725

# PURCHASE OFFER AGREEMENT

This Agreement constitutes the terms of the proposed acquisition of AVC Technology Inc., a Delaware corporation, by Epogy Communications Inc., a California corporation.

1. Pursuant to this cash for stock transaction (the "Transaction", which will be implemented in as efficient a manner as possible under applicable law) Epogy will promptly offer to purchase and AVC's shareholders will have the opportunity to transfer and assign to Epogy all outstanding stock of AVC (and all claims with respect to such stock, on a fully diluted basis). Notwithstanding anything to the contrary, if less than 100% but 90% or more of the shares are proffered for purchase by Epogy, Epogy will close upon the purchase of the shares proffered (at the Per Share Price described below) no later than July 31, 2000. Thereafter Epogy will pursue a statutory short form merger in which those shareholders who did not accept the proffer would be entitled to receive an amount per share equal to the Per Share Price. It is also Epogy's intent that upon closing 100% ownership by Epogy, AVC will be absorbed into Epogy (rather than maintained as a wholly owned subsidiary), and, subject to any limits on assignability with respect to AVC contracts, Epogy will succeed to all assets, rights, causes of action and claims of AVC, including without limitation, current assets, equipment software, CAD tools, technology, products, research and development results, intellectual property (including patents, copyrights, mask works, trade marks and all related rights) and know-how (together with the documents, writings, and electronic and magnetic files relating thereto). Assuming the same per share price in the Transaction and the short form merger, the total purchase price Epogy will pay for 100% of AVC shall be          in any event the Per Share Price in the Transaction will be divided by the total number of outstanding shares on a fully diluted basis. Epogy represents that it is an accredited investor and is purchasing the AVC shares for investment for its own account.

   1.1 Following the sale of their shares hereunder, no AVC shareholders will have any obligation or liability (other than to transfer their shares free of claims) in connection with the Transaction or AVC.

   1.2 Without limiting the foregoing, and subject to the close of Epogy's purchase of a minimum of 90% of AVC's outstanding shares, AVC will allow Epogy access to such documents, writings, and digital files as may be appropriate for Epogy to continue such of the research and development as it deems appropriate.

2. Upon execution of this Agreement, Epogy will send the attached offer letter to all AVC shareholders. AVC will diligently seek shareholder participation in the above sale and transfer by sending the attached letter from AVC, and thereafter, Bob Woo, the current major shareholder of AVC, will reasonably cooperate with Epogy, at Epogy's expense, in Epogy's efforts to wind down AVC's operations and dissolve its corporate charter, if Epogy elects to do so.

   2.1 AVC represents and warrants that, to the best of its knowledge, (i) it has no outstanding unpaid tax obligations, (ii) it was not profitable in 1999, and AVC therefore believes it has no tax liabilities for income tax in that year. The accounting firms for AVC will cooperate

AVT0024726

in the preparation and filing of all required tax returns for periods prior to January 1, 2000, and will discuss in good faith with Epogy any taxes, liens, and obligations arising out of and/or from activities of AVC prior to January 1, 2000. Epogy will be responsible to prepare and file the tax returns for AVC's operations on and after January 1, 2000.

2.2  AVC will be responsible for all known obligations and claims relating to and/or arising out of any and all employment, consulting and/or other relationships relating to AVC prior to the Closing, except as may be expressly agreed in writing. In addition, AVC is not aware of any factual or legal basis for any materially adverse obligation or claim relating to and/or arising out of any and all employment, consulting and/or other relationships relating to AVC.

3.  The parties will cooperate with respect to the above transfer and assignment.

3.1  AVC will make reasonable efforts to ensure that all officers, employees and directors of AVC sign such assignments and/or transfers as may be appropriate to implement the transfers and assignments contemplated.

3.2  Subject to the close of Epogy's purchase of a minimum of 90% of AVC's outstanding shares, AVC consents to Epogy's efforts to recruit and solicit AVC employees to join Epogy.

3.3  Subject to the close of Epogy's purchase of a minimum of 90% of AVC's outstanding shares, AVC consents to Epogy's use of and communication with any and all consultants, suppliers and other third parties who had business relations with AVC.

3.4  AVC and Epogy do not intend there will be any materially adverse change in the business, value or assets of AVC since May 1, 2000 and the close of Epogy's purchase of a minimum of 90% of AVC's outstanding shares; provided that the diminution of funds in the ordinary course of business and/or to meet its obligations under this Agreement will not constitute a materially adverse change. Without limiting the foregoing:
3.4.1  Since May 1, 2000, the business of AVC shall have been conducted in the ordinary course, and there shall have been no materially adverse change in the business, prospects, operations, earnings, assets or financial condition of AVC.
3.4.2  Since May 1, 2000, there shall have been no materially adverse change to the cash, assets, intellectual property, liabilities and/or obligations of AVC, nor shall AVC have made or incurred any obligation other than those in the ordinary course of business.
3.4.3  Since January 1, 2000, there shall have been no dividend, redemption or similar distribution, or any stock split, recapitalization or stock issuance of any kind by AVC, unless (i) such dividend, redemption, distribution, stock split, recapitalization or stock issuance is required as part of this Agreement, and/or (ii) as reasonably agreed to in writing by Epogy.

4.  Miscellaneous

AVT0024727

4.1 Other than with the express prior written consent of the other parties or as contemplated by this Agreement, no party shall disclose to the public or to any third party the existence of this Agreement or the proposed transactions described herein, except to pertinent governmental authorities, agents, counsel, accountants, consultants, financial institutions or investment bankers of such parties, or as otherwise required by law. The parties have entered a mutually acceptable non-disclosure agreement that remains in effect.

4.2 Except as otherwise provided herein, each party will be responsible for its own expenses in connection with all matters relating to the Transaction herein proposed; Bob Woo will be responsible to arrange for payment by AVC of all legal expenses of AVC prior to the close of the Transaction.

4.3 The parties will cooperate in good faith to implement the transactions contemplated and to close the assignments and transfers as promptly and efficiently as reasonably possible.

4.4 This Agreement shall be governed by internal laws of the State of Delaware. Any dispute regarding this Agreement shall be resolved in a court in the County of Santa Clara, California. The parties consent to venue in any court therein having subject matter jurisdiction and to the exercise by such court of personal jurisdiction over such party.

By their signatures below, as of July 17, 2000, the parties confirm their agreement to the foregoing.

AVC TECHNOLOGY INC.

By: _____
Bob Woo, Chairman

EPOGY COMMUNICATIONS INC.

By: _____
Peter Courture, Secretary &
Member of the Board

epogy_agmt_pjcrev1470.doc

AVT0024728

JUNE 03, 2003

ADVANCED VIDEO TECHNOLOGIES LL
NEIL G. COHEN
75 MONTEBELLO ROAD
MONTEBELLO PARK
SUFFERN, NY 10901





UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

*700031969A*



## UNITED STATES PATENT AND TRADEMARK OFFICE
## NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE, ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY, SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 06/02/2003        REEL/FRAME: 013699/0024
                                    NUMBER OF PAGES: 2

BRIEF: ASSIGNMENT OF ASSIGNOR'S INTEREST (SEE DOCUMENT FOR DETAILS).

ASSIGNOR:
    EPOGY COMMUNICATIONS, INC.           DOC DATE: 01/15/2003

ASSIGNEE:
    GROSS, JOHN NICHOLAS
    726 DUBOCE AVENUE
    SAN FRANCISCO, CALIFORNIA 94117

SERIAL NUMBER: 08939997                  FILING DATE: 09/29/1997
PATENT NUMBER: 5781788                   ISSUE DATE: 07/14/1998


TARA WASHINGTON, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

| Form PTO-1595 (Rev. 10/02) OMB No. 0651-0027 (exp. 6/30/2005) | RECORDATION FORM COVER SHEET PATENTS ONLY | U.S. DEPARTMENT OF COMMERCE U.S. Patent and Trademark Office |
|---|---|---|

Tab settings ⇒ ⇒ ⇒ ▼ ▼ ▼ ▼ ▼ ▼ ▼

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

| 1. Name of conveying party(ies): Epogy Communications, Inc. | 2. Name and address of receiving party(ies) Name: John Nicholas Gross Internal Address: ___ |
|---|---|
| Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No | |
| 3. Nature of conveyance: ☒ Assignment ☐ Merger ☐ Security Agreement ☐ Change of Name ☐ Other___ | Street Address: 726 Duboce Avenue |
| Execution Date: 01/15/2003 | City: San Francisco State: CA Zip: 94117 Additional name(s) & address(es) attached? ☐ Yes ☒ No |

4. Application number(s) or patent number(s): 5,781,788

If this document is being filed together with a new application, the execution date of the application is: ___

| A. Patent Application No.(s) | B. Patent No.(s) |
|---|---|

Additional numbers attached? ☐ Yes ☒ No

| 5. Name and address of party to whom correspondence concerning document should be mailed: Name: Neil G. Cohen Advanced Video Technologies LLC Internal Address: ___ | 6. Total number of applications and patents involved: ☐ |
|---|---|
| | 7. Total fee (37 CFR 3.41).............$ 40.00 ☒ Enclosed ☐ Authorized to be charged to deposit account |
| Street Address: Montebello Park 75 Montebello Road City: Suffern State: NY Zip: 10901 | 8. Deposit account number: ___ (Attach duplicate copy of this page if paying by deposit account) |

DO NOT USE THIS SPACE

9. Statement and signature.

To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

Neil G. Cohen / Neil G. Cohen / May 8, 2003
Name of Person Signing / Signature / Date

Total number of pages including cover sheet, attachments, and documents: 3

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents & Trademarks, Box Assignments
Washington, D.C. 20231

## EXHIBIT B

## ASSIGNMENT

For good and valuable consideration, the receipt and sufficiency of which is here by acknowledged, Assignor hereby sells, assigns, transfers and conveys to John Nicholas Gross ("Purchaser"), its designees, successors, assigns, and legal representatives, Assignor's entire right, title, and interest in and to U.S. patent No. 5,781,788, provisional patent application no. 60/358,928, all non-provisional applications, divisions, continuations, and renewals thereof, all foreign patents which may be granted on any foreign applications corresponding thereto, all reissues and extensions thereof, all proceeds therefrom including but not limited to, all license royalties and/or damages and proceeds of infringement suits, and any and all causes of action for past, present, and future infringement of any of the above U.S. and foreign patents or relating to any inventions or discoveries described therein, including the right to collect damages for all such infringements and the right to sue on all such causes of action for their own use and benefit and the use and benefit of their successors, assigns, and legal representatives, each and every of the foregoing rights, titles, and interests herein assigned to be held and enjoyed by Purchaser, its successors, assigns, and legal representatives, as fully and entirely as the same would have been held and enjoyed by Assignor had this Assignment not been made.

IN TESTIMONY WHEREOF, Assignor has caused this Assignment to be duly executed in its name and behalf by affixing its hand and seal thereto by its designated officer, director, or agent, whose name and title appear below.

Executed at __SUNNYVALE__, __CA__ this __15TH__ day of January 2003.

EPOGY COMMUNICATIONS, INC.

Signature: _____

Print Name/Title: __PRESIDENT & CEO__




**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

JUNE 03, 2003

ADVANCED VIDEO TECHNOLOGIES LL
NEIL G. COHEN
75 MONTEBELLO ROAD
MONTEBELLO PARK
SUFFERN, NY 10901

*700031970A*



UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE, ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY, SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 06/02/2003         REEL/FRAME: 013699/0026
                                     NUMBER OF PAGES: 2

BRIEF: ASSIGNMENT OF ASSIGNOR'S INTEREST (SEE DOCUMENT FOR DETAILS).

ASSIGNOR:
    GROSS, J. NICHOLAS                DOC DATE: 04/30/2003

ASSIGNEE:
    ADVANCED VIDEO TECHNOLOGIES LLC
    75 MONTEBELLO ROAD
    MONTEBELLO PARK
    SUFFERN, NEW YORK 10901

SERIAL NUMBER: 08939997               FILING DATE: 09/29/1997
PATENT NUMBER: 5781788                ISSUE DATE: 07/14/1998


JEEVON JONES, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

AVT0024732

Form PTO-1595
(Rev. 10/02)
OMB No. 0651-0027 (exp. 6/30/2005)

**RECORDATION FORM COVER SHEET**
**PATENTS ONLY**

U.S. DEPARTMENT OF COMMERCE
U.S. Patent and Trademark Office

Tab settings ⇒ ⇒ ⇒ ▼ ▼ ▼ ▼ ▼ ▼ ▼

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

**1. Name of conveying party(ies):**

J. Nicholas Gross

Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No

**3. Nature of conveyance:**
- ☒ Assignment
- ☐ Merger
- ☐ Security Agreement
- ☐ Change of Name
- ☐ Other _____

Execution Date: 04/30/2003

**2. Name and address of receiving party(ies)**

Name: Advanced Video Technologies LLC
Internal Address: _____

Street Address: Montebello Park
75 Montebello Road
City: Suffern State: NY Zip: 10901

Additional name(s) & address(es) attached? ☐ Yes ☒ No

**4. Application number(s) or patent number(s):**

If this document is being filed together with a new application, the execution date of the application is: _____

A. Patent Application No.(s)

B. Patent No.(s)
6,781,788

Additional numbers attached? ☐ Yes ☒ No

**5. Name and address of party to whom correspondence concerning document should be mailed:**

Name: Neil G. Cohen
Advanced Video Technologies LLC
Internal Address: _____

Street Address: Montebello Park
75 Montebello Road
City: Suffern State: NY Zip: 10901

**6. Total number of applications and patents involved:** ☐

**7. Total fee (37 CFR 3.41)** ........... $ 40.00
- ☒ Enclosed
- ☐ Authorized to be charged to deposit account

**8. Deposit account number:**

_____

(Attach duplicate copy of this page if paying by deposit account)

**DO NOT USE THIS SPACE**

**9. Statement and signature.**

To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

Neil G. Cohen _____ May 8, 2003
Name of Person Signing / Signature / Date

Total number of pages including cover sheet, attachments, and documents: 2

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents & Trademarks, Box Assignments
Washington, D.C. 20231

AVT0024733

## ASSIGNMENT

On this 30 day of April 2003, in consideration of the sum of One and 00/100 Dollars ($1.00) and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, J. Nicholas Gross (collectively, "*Assignor*") hereby quitclaims, sells, assigns and transfers to Advanced Video Technologies LLC ("*Assignee*") all of its right, title and interest in and to United States Patent No. 5,781,788 and any and all divisions, continuations, continuations-in-part, reexaminations, and reissues of United States Patent No. 5,781,788, any other patent or patent application directly or indirectly claiming priority from United States Patent No. 5,781,788, and any other patent or patent application from which United States Patent No. 5,781,788 directly or indirectly claims priority, including the right to sue for and recover damages in respect of past acts of infringement.

J. Nicholas Gross

Witnessed By: _____

Printed Name:

John M. Christian

3885 18th St

San Francisco, CA 94114

AVT0024734