| | |
|---|---|
| Stephen F. Roth | Richard M. Lehrer |
| Orville R. Cockings | FISHER BROYLES LLP |
| Aaron S. Eckenthal | 1 Prior Court |
| LERNER, DAVID, LITTENBERG, | Palisades, NY 10964 |
|   KRUMHOLZ & MENTLIK, LLP | Tel:    845.519.9525 |
| 600 South Avenue West | |
| Westfield, NJ 07090-1497 | |
| Tel:  908.654.5000 | |
| Fax:  908.654.7866 | |

*Attorneys for Plaintiff Advanced Video Technologies LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | **ECF CASE** |
| | : | |
| Plaintiff, | : | Civil Action No. 1:11-cv-6604-CM-RLE |
| v. | : | |
| | : | District Judge Colleen McMahon |
| HTC CORPORATION and HTC AMERICA, INC., | : | Magistrate Judge Ronald L. Ellis |
| Defendants. | x | |
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-8908-CM-RLE |
| | : | |
| BLACKBERRY, LTD and BLACKBERRY CORPORATION, | : | District Judge Colleen McMahon |
| | : | Magistrate Judge Ronald L. Ellis |
| Defendants. | x | |
| ADVANCED VIDEO TECHNOLOGIES LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:12-cv-918-CM |
| | : | |
| MOTOROLA MOBILITY, LLC., | : | District Judge Colleen McMahon |
| | : | Magistrate Judge Henry B. Pitman |
| Defendant. | x | |

## MEMORANDUM OF PLAINTIFF
## ADVANCED VIDEO TECHNOLOGIES LLC IN SUPPORT OF
## <u>ITS MOTION TO SUPPLEMENT ITS DAMAGES EXPERT REPORT</u>

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................

I.  INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................ 3

   A. The Present Posture Of Discovery ............................................................... 3

   B. AVT's Good-Faith Assertion Of Privilege During
      Discovery ....................................................................................................... 3

   C. AVT's Prompt Production Of The Withheld Documents
      And Request For Leave For Its Expert To Consider Them ....................... 6

   D. Defendants' Attempt To Take Advantage Of AVT's
      Assertion Of Privilege To Deny A Brief Supplemental
      Report ............................................................................................................ 7

III. LEGAL ARGUMENT ............................................................................................... 8

   A. Experts Should Supplement Their Reports To Address
      Previously Unavailable Information ............................................................ 8

   B. Defendants' Own Experts Believe That Supplemental
      Expert Reports Are Warranted To Consider New
      Documents ..................................................................................................... 9

   C. Defendants Will Suffer No Prejudice From AVT's Expert
      Submitting A Supplement To His Report .................................................. 11

   D. Defendants' Improper Attempt To Penalize AVT For
      Asserting Privilege ...................................................................................... 12

   E. At A Minimum, A Supplement To AVT's Damages Report
      Should Be Permitted In Response To Any *Daubert*
      Challenge ..................................................................................................... 14

IV. CONCLUSION ........................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Analytics, Inc. v. Citigroup Global Mkts. Inc.*,
   301 F.R.D. 31 (S.D.N.Y. 2014) .................................................................................. 14

*Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox*
   *Power Generation Grp., Inc.*
   No. 11-715, 2013 U.S. Dist. LEXIS 116154 (D. Conn. Aug. 16, 2013) ...................... 11

*Coene v. 3M Co.*,
   303 F.R.D. 32 (W.D.N.Y. 2014) .................................................................................... 8

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v.. Coventry First LLC*,
   280 F.R.D. 147 (S.D.N.Y. 2012) .................................................................................. 13

*S.W. v. City of New York*,
   No. 2009-1777, 2011 U.S. Dist. LEXIS 80833 (E.D.N.Y. July 25, 2011) ................... 12

*Seton Co. v. Lear Corp.*,
   No. 02-71118, 2005 U.S. Dist. LEXIS 8963 (E.D. Mich. May 13, 2005) ................ 8, 9

**STATUTES, RULES & OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ............................................................................................................... 14

Fed. R. Civ. P. 26(a)(2)(B)(i) ............................................................................................... 8

Fed. R. Civ. P. 26(a)(3) ........................................................................................................ 8

Fed. R. Civ. P. 26(e)(1)(A) ................................................................................................... 8

Fed. R. Civ. P. 26(e)(2) ........................................................................................................ 8

I.      **INTRODUCTION**

Plaintiff Advanced Video Technologies LLC ("AVT") submits this motion for leave to allow its damages expert Wayne Hoeberlein to comment on documents recently produced by AVT after submission of his initial expert report.

A party's expert typically relies on documents that a party produced during discovery. And a party should produce all documents prior to its expert's report. But this matter presents a unique circumstance. During discovery, AVT did not produce certain documents on the grounds of privilege, and its expert did not use those documents in support of his opinion. After the close of discovery, the defendants objected to AVT's privilege claim. The parties had multiple meet and confers, followed by lengthy motion practice. Ultimately, production of such documents was compelled by Judge Ellis. AVT promptly produced the documents and requested Defendants' consent to AVT's damages expert serving a brief supplement within seven days to consider the newly produced documents.

Defendants (HTC, BlackBerry, and Motorola Mobility) opposed AVT's request on the ground that because AVT chose to withhold the documents on the ground of privilege, its supposed problem was "of its own making." But AVT created no such problem. All AVT did was make a good-faith assertion of attorney client privilege and work-product immunity in withholding the documents, which were thus not available to its expert at the time of the report. In fact, Judge Ellis himself noted that the facts presented "what some have characterized as unchartered territory." HTC did not move for sanctions, and Judge Ellis did not suggest that AVT's position was frivolous.

Defendants' opposition to AVT's damages expert submitting a supplement is simply a tactic to establish the predicate for a *Daubert* challenge later on in the case. The Federal Rules provide that expert reports should be supplemented when previously unknown or unavailable information is learned by the expert that requires supplementation of the report. All that is required is for the supplementation to be made before the parties' pretrial disclosures are due, and pretrial disclosures in this case are months away. Defendants' damages experts have already considered these documents because they were produced in the window between the submission of AVT's expert report and when Defendant rebuttal reports were due. Accordingly, it is both appropriate and important that AVT's expert be permitted to note his consideration of the same documents and articulate his reasons, which as explained in his three-page supplement, is that the documents do not change his opinion.

Defendants can suffer no possible prejudice from AVT's request. AVT's damages expert prepared a supplement that addresses the newly produced documents. And AVT offered to push back Defendants' expert's report due date in order to provide that supplement to Defendants <u>before</u> their own expert's report was due. In the supplement, AVT's expert opines that the documents do not change the substance of the opinions articulated in his report. Thus, Defendants cannot argue that their experts were unable to opine on such documents. Because of the timing of Judge Ellis's decision, only AVT's expert needed to submit his report before the documents were available. In contrast, Defendants' experts all considered these documents in their respective reports. And none

of the experts' depositions have been scheduled yet. Thus, there is no prejudice to anyone, other than AVT.

## II. STATEMENT OF FACTS

### A. The Present Posture Of Discovery

This motion arises in the three cases on the Court's docket in which AVT has asserted infringement of U.S. Patent No. 5,781,788 against HTC, BlackBerry, and Motorola Mobility. These cases were consolidated for discovery.

Fact discovery closed on October 31, 2014, and the case has now entered the expert discovery phase. Under the Court's Scheduling Order, opening expert reports from the party with the burden of proof were due on December 12, 2014. On that day, AVT served the damages expert report of Wayne Hoeberlein on each Defendant. Rebuttal expert reports were due on January 30, 2015, and on that day each Defendant, HTC, BlackBerry, and Motorola Mobility, served their respective expert rebuttal reports. Under the Court's Scheduling Order, expert depositions are to be completed by March 20, 2015, and the parties are currently coordinating such schedule.

### B. AVT's Good-Faith Assertion Of Privilege During Discovery

During discovery, AVT inadvertently produced ▉ ▉ involving communications between ▉ ▉, and another attorney Neil Cohen, in-house counsel for AVT, which AVT believed were protected by the attorney-client privilege and work-product doctrine. On October 16, 2014, during preparations for ▉, AVT realized that ▉ had been inadvertently produced to Defendants. On the next day, October 17, 2014, AVT

requested claw back of the documents, and subsequently provided a privilege log to the defendants. Even though HTC challenged whether AVT properly and timely clawed back the documents, Judge Ellis ruled that such claw-back was made timely and that those documents were entitled to the protection of the claw-back provision pursuant to the Protective Order entered in this case. (*See* Eckenthal Decl., Exh. A, at 11, 28, Tr., Jan. 12, 2015, Conference before Judge Ellis.)

The claw-back was made two weeks before the close of discovery. Yet HTC waited 60 days (46 days after the close of fact discovery) to file a motion with Judge Ellis to challenge whether the clawed back documents should be protected by the attorney-client privilege or the work-product doctrine. During the briefing on HTC's challenge, AVT submitted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for *in camera* review so as to place the clawed-back document into perspective. HTC also challenged whether ▮▮▮▮▮▮▮▮▮▮ was properly withheld.

After the motion was briefed, Judge Ellis held a status conference on January 12, 2015 to discuss the privilege issue. During the conference, Judge Ellis recognized the "uncharted territory" involved with this particular privilege issue. (*See* Eckenthal Decl. Exh. A, at 27, Tr., Jan. 12, 2015, Conference before Judge Ellis.) Before reaching a decision, Judge Ellis thought it prudent to more fully understand the relationship between ▮▮▮▮▮▮ and AVT. His Honor requested additional information (excerpts from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) to aid the Court's understanding of the relationship.

On January 21, Judge Ellis convened a second conference, and made an oral ruling that no privilege existed for the withheld documents. (*See* Eckenthal Decl. Exh. B, Tr., Jan. 21, 2015, at 4, 12, Conference before Judge Ellis.) In his subsequent January 23, 2015 written order, Judge Ellis ordered that "Plaintiff AVT produce the clawed-back ███ in question and any other documents withheld on the basis of attorney-client privilege arising from ███████████████ status."[1]

At no time did HTC assert, nor did Judge Ellis find, that AVT's assertion of the attorney-client privilege or work-product doctrine was frivolous. Judge Ellis did not suggest that sanctioning AVT for withholding the documents, nor did HTC request sanctions. To the contrary, at the inception of this dispute, Judge Ellis recognized the "unchartered territory" of whether the privilege applies in this instance, and even requested additional documents to clarify the relationships.

At the time of its claw back, AVT believed (and it continues to believe today), that a communication between one attorney for AVT and another ████████████ ███████ was privileged. Not to reargue the matter, but to demonstrate AVT's good-faith belief, AVT established that ████████████████████████████████ ████████████████████████████ sharing common legal interest. ████████████

---

[1] In response to this ruling, Mr. Gross, an attorney, provided a privilege log to the Defendants for documents that he continues to assert are privileged because they involve communications between him and one of his former clients, Mediatek. Mediatek has been advised of the situation and has hired U.S. counsel to address privilege issues to the extent any of the Defendants challenge its claim. Thus, depending on the positions of third parties, and if necessary, another motion before Judge Ellis, additional documents may be produced.

▇▇▇ for AVT and Neil Cohen, being Chief IP Counsel for ▇▇ acted as AVT's General Counsel.  ▇▇▇▇ is a practicing patent attorney.  As part of ▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Communications between Messrs. Cohen and ▇▇ constituted communications between ▇▇▇▇▇ working on the same case.  Therefore, the communications between Chief Patent Counsel for ▇▇, Neil Cohen and ▇▇▇▇▇ were believed to be protected under the common legal interest doctrine.  AVT in good faith considered and treated such communications as privileged and to this date believes them to be so.  While AVT could have requested a stay of such order for appeal or reconsideration, it chose not to because it believed the clawed-back document to be inconsequential.  This does not change the fact that AVT, at the very least, had good faith basis to believing that clawed-back document was privileged.

> **C.  AVT's Prompt Production Of The Withheld Documents And Request For Leave For Its Expert To Consider Them**

After Judge Ellis' ruling, AVT promptly produced all of the documents compelled by Judge Ellis.  The production of these documents was complete three days before Defendants' rebuttal expert reports on damages were due.  Therefore, when AVT produced the documents, AVT proposed to the Defendants that it supplement its own damages report to address these documents, so that AVT's expert could opine on their relevance, and Defendants' experts could address such opinions prior to Defendants' expert's reports being served.  AVT proposed that:

> Mr. Hoeberlein [AVT's damages expert] will submit a supplemental report addressing these documents. We anticipate that the supplementation can be

done within a week or possibly sooner. We would also agree that HTC's damages expert report would be extended by the same additional period of time. We also welcome any suggestions you may have.

(*See* Eckenthal Decl. Exh. C, Ltr. of Jan. 27, 2015.)

### D. Defendants' Attempt To Take Advantage Of AVT's Assertion Of Privilege To Deny A Brief Supplemental Report

Without even suggesting a pretense of prejudice, HTC (followed by BlackBerry and Motorola Mobility) refused to agree to any supplement. Here is the entirety of HTC's basis:

> AVT withheld documents based on improperly asserted privilege that never existed, and chose not to rely on those documents in AVT's opening reports. Thus, it's AVT's own making that its reports, due and served long ago, did not rely on those newly produced documents. Defendants, in contrast, are free to rely on the newly produced documents, and AVT has no right to supplement its reports in response.

(Eckenthal Decl. Exh. D, Kyle Chen e-mail of Jan. 28, 2015; *see also* Eckenthal Decl. Exhs. E, F, e-mails from Motorola Mobility and BlackBerry of Jan. 28, 2015.)

As noted above, at the time of AVT's request, Defendants had not served their damages expert reports. Minimal, if any, additional work would be required by them to address the additional documents. Perhaps none. When Defendants submitted each of their damage reports, their experts commented on these very documents. As for AVT, its expert was able to provide his supplement to his report in six days, and the substance of the report is contained in three pages. (Eckenthal Decl. Exhs. G, H, I, Copy with confidential information redacted.) AVT's expert opined that these documents did not change his opinions, thus not changing the substance of his report.

### III. LEGAL ARGUMENT

#### A. Experts Should Supplement Their Reports To Address Previously Unavailable Information

The Federal Rules of Civil Procedure provide that a written expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Experts don't just have a right, but have a duty, to supplement their report "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). For an expert witness, "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

As such, it is well established that:

> [t]he duty to supplement arises when the expert subsequently learns of information that was previously unknown <u>or unavailable</u>, and the new information renders the earlier report incomplete or inaccurate." *Lewis v. FMC Corp.*, 786 F. Supp. 2d 690, 705 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 26(e)). The rule does not, however, permit a party to supplement an expert report at any time it wishes, "but instead imposes an obligation to supplement the report when a party discovers the information that it has disclosed is incomplete or incorrect." *Id.* (quoting *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003).

*Coene v. 3M Co.*, 303 F.R.D. 32, 42 (W.D.N.Y. 2014) (emphasis added).

As guided by these rules, courts have permitted experts to supplement reports to address information not available when the initial report was served. For example, in *Seton Co. v. Lear Corp.*, No. 02-71118, 2005 U.S. Dist. LEXIS 8963 (E.D. Mich. May 13, 2005), an expert who had submitted his original report subsequently obtained

more probative data for computations of lost profits. *Id*. at *5. The court found that a second report based on such data was a permitted supplemental report:

> As Dr. Eads' second report was filed in order to correct his lost profits estimate based on information that was not available when he prepared his initial report, the Court finds that his second report constitutes "supplemental" evidence. The "lost profits" evidence was disclosed to Lear before Seton's Rule 26(a)(3) disclosures were due. As such, the Court concludes that it was timely filed.

*Id* at *8.

Apropos the present circumstances, the court noted that the defendant "is not prejudiced," and the expert would be offered for a deposition on the report. *Id*. at *9-10.

The situation here is even less concerning. The new documents were produced in time for Defendants' experts to consider them. And as noted above, Defendants' experts did consider them. AVT's expert has also considered them and provided his comments to Defendants' counsel. The only thing lacking, is a statement in his formal report to that effect.

### B. Defendants' Own Experts Believe That Supplemental Expert Reports Are Warranted To Consider New Documents

Defendants' counsels take a "hard-line" position, claiming that AVT's expert cannot supplement his report stating that the documents do not change his opinion. Yet, contrary to the position Defendants take with AVT, each of Defendants' experts stated that they should be able to provide a supplement to their reports if new documents arise.

As for HTC, its damages expert claims the right to supplement his report with further opinions on the very documents at issue:

> I note that the documents surrounding this sale offer were produced by AVT several days before the issuance of this report; thus I reserve the right to supplement my opinion based on any further analyses of the relevant documents.

(Eckenthal Decl. Exh. J, at 22, C. Bokhart Expert Report.)

BlackBerry's damages expert asserts the right to supplement even more broadly, reserving the right to supplement with <u>any</u> information that may come up:



(Eckenthal Decl. Exh. K, at 1, J. Jarosz Expert Report.)

Similarly, Motorola's damages expert also asserts the right to supplement on new evidence or additional reports:

> This report reflects my opinions and analyses as of January 30, 2015. I reserve the right to amend and supplement these opinions based on the production of new evidence or additional reports of the experts submitted in the matter.

(Eckenthal Decl. Exh. L, at 66, J.D. Fancher Expert Report.)

As previously noted, the view of Defendants' experts are consistent with the Federal Rules in allowing supplementation of reports with information not previously available, so long as the parties' pretrial disclosures are not yet due. In this particular case, pretrial disclosures will not occur until August. Therefore, just like Denfendants' experts, AVT's damages expert should be permitted to supplement his report based on the newly disclosed documents. And again, AVT's expert supplement is only to opine that the documents do not change his opinion.

### C. Defendants Will Suffer No Prejudice From AVT's Expert Submitting A Supplement To His Report

The Defendants have never articulated any prejudice if AVT is permitted to supplement its damages expert report. That is because Defendants have no prejudice. First, AVT produced all of the withheld documents on January 27, 2015, three business days after Judge Ellis' Order. Second, when AVT produced the documents, AVT proposed providing its expert's supplement to his report in a week or less, offering also to push the Defendants' rebuttal reports back a week so they could address AVT's supplement. Third, the substance of AVT's expert's supplement to his report is only three pages and does not change his previous opinions. (Eckenthal Decl. Exhs. G, H, I, copy with confidential information redacted.) And finally, Defendants' experts have already considered and analyzed the recently produced documents in their reports.

As shown by AVT's proposed supplement (Exhs. E, F and G), no new theories are presented by AVT. AVT's expert merely states that he considered the newly produced documents and explains why they do not alter his damages opinions. Thus, neither his opinion, nor its foundation has changed. *See Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Group, Inc.* No. 11-715, 2013 U.S. Dist. LEXIS 116154, at *12 (D. Conn. Aug. 16, 2013) (holding that a supplemental report was permitted when it "does not advance new theories of liability or undermine the original report's conclusions").

Defendants also cannot establish prejudice due to the schedule for expert disclosures and discovery. Expert discovery is set to conclude by March 20, 2015, and

expert depositions have not been scheduled. The Defendants have over a month to consider AVT's supplement and take a deposition of the expert. The deposition will afford the Defendants ample opportunity to question AVT's damages expert about the supplement to his damages report and theories contained within. *See S.W. v. City of New York*, No. 2009-1777, 2011 U.S. Dist. LEXIS 80833, at *16 (E.D.N.Y. July 25, 2011) (holding that where portions of plaintiffs' experts' reports should have been included in their initial reports, there is no prejudice by permitting plaintiffs' experts to serve these reports since expert depositions have not been taken and no trial date has been set).

Finally, Defendants cannot claim that their own experts have been prejudiced. Defendants' damages experts have no need to supplement their reports because they have already addressed these documents in their initial rebuttal reports. Nor would AVT object to same should Defendants so choose.

### D. Defendants' Improper Attempt To Penalize AVT For Asserting Privilege

Defendants' goal is obvious. Defendants seek to preclude Mr. Hoeberlein from opining that he considered these recently available documents so they can make a procedural challenge to his report on *Daubert* grounds that he has not considered all of the facts. But to support such a drastic remedy, Defendants must show egregious discovery conduct. And there has not been any.

AVT did not fail to comply with a discovery order, or hide relevant documents. It merely withheld documents on a good faith assertion of attorney-client privilege, work-product doctrine and common legal interest doctrine. AVT's approach was substantially

justified in order to protect the sacrosanct attorney-client privilege or work-product immunity. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v.. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012) (holding that substantial justification is "'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request,' or 'if there exists a genuine dispute concerning compliance,'" and harmless means "absence of prejudice to the defendant").

Here, the withheld documents contain first, communications between ▮▮▮▮▮ ▮▮▮▮▮ and AVT's in-house counsel, and second, communications between that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. AVT reasonably believed all of these documents were within the scope of the attorney-client privilege or work-product doctrine. Judge Ellis himself commented that the issues involved have been characterized by others as "uncharted territory." (*See* Eckenthal Decl. Exh. A, at 27, Tr., Jan. 12, 2015, Conference Before Judge Ellis). And while Judge Ellis ultimately ruled that the documents were not afforded protection under the attorney-client privilege or work-product immunity, he never even so much as hinted that AVT unreasonably withheld any of the documents, or AVT's position was unreasonable.

Defendants' argument, stated simply, is that, because AVT withheld the documents on the ground of privilege that was later overruled, AVT's expert should be precluded from considering these documents. If that is correct, it would seriously impair a party's rights under the attorney-client privilege, work-product doctrine, and common legal interest doctrine. In short, any party would face the unfair dilemma of needing to

voluntarily waive all of its privileges, or risk its experts later being precluded from relying on documents found not to be privileged, and having their opinion challenged.

### E.  At A Minimum, A Supplement To AVT's Damages Report Should Be Permitted In Response To Any *Daubert* Challenge

Even though AVT believes its position with respect to its damages expert's ability to serve a supplement is reasonable under the circumstances, if not permitted, at the very least, AVT should be able to use its expert's supplement to refute a *Daubert* challenge. This is exactly how this Court has ruled in the most analogous case AVT has located. *Advanced Analytics, Inc. v. Citigroup Global Mkts. Inc.*, 301 F.R.D. 31 (S.D.N.Y. 2014). In that case, the plaintiff filed an untimely supplemental report under Rule 26, which relied upon information that was previously known and available. Magistrate Judge Pitman (and affirmed by Judge Swain) granted that defendants' motion to strike that report because there was no justification for its late filing. *Id*. at 33-34. However, while the use of the report was precluded for merits-based purpose by the plaintiff, it was allowed for non-merits related issues, including the admissibility of expert testimony. *Id*. at 43. Thus, the plaintiff's expert report was permitted to respond to defendant's *Daubert* motion by opining that he did consider such information in his opinion.

Here, Mr. Hoeberlein's supplement to his expert report relies on new information that was not available to him at the time of his original report. And this new information was justifiably withheld by AVT on the basis of attorney-client privilege or work-product immunity and common legal interest. As such, the circumstances in this case should permit supplementation.

At bottom, AVT's concern is not as much being permitted to file a supplement to its damages expert report, but to preempt a *Daubert* challenge by Defendants regarding the admissibility of AVT's damages expert because in his report he did not consider information contained in the newly produced documents.  But Mr. Hoeberlein's initial report was served before Judge Ellis issued his Order for AVT to produce the withheld documents.  Thus, this information was not "available" to him unless AVT voluntarily waived a justifiable claim to privilege.  Accordingly, AVT's expert should be afforded the opportunity to supplement.

## IV. **CONCLUSION**

For the foregoing reasons, AVT respectfully requests that the Court grant its motion and permit its damages expert to supplement his expert report based upon the newly produced documents.

                                      Respectfully submitted,

                                      LERNER, DAVID, LITTENBERG,
                                       KRUMHOLZ & MENTLIK, LLP

Dated:     February 6, 2015         By:    /s/ Aaron S. Eckenthal
                                                    Aaron S. Eckenthal
                                                    Tel:     908.518 6370
                                                    E-mail:   AEckenthal@ldlkm.com
                                                                   Litigation@ldlkm.com

                                      FISHER BROYLES LLP

                                      By:    /s/ Richard M. Lehrer
                                                 Richard M. Lehrer
                                                 Tel:     845.519.9525
                                                 E-mail:richard.lehrer@fisherbroyles.com

                                     *Attorneys for Plaintiff Advanced Video Technologies LLC*